# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
|     *Plaintiff*, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 4:24-CV-01672 |
| | § | |
| TEXAS DEPARTMENT OF | § | |
| CRIMINAL JUSTICE, | § | |
|     *Defendant.* | § | |

## DEFENDNT TEXAS DEPARTMENT OF CRIMINAL JUSTICE'S ORIGINAL ANSWER AND JURY DEMAND

Defendant Texas Department of Criminal Justice ("Defendant") files this Answer and Jury Demand in response to Plaintiff, United States of America ("Plaintiff")' Complaint D.E. 1.

## STATEMENT OF THE CASE

This lawsuit originates from claims by a former employee of Defendant, Franches Spears ("Spears"). Spears was hired by Defendant as a Clerk at the Pam Lychner State Jail in Humble, Texas. *Id*. ¶ 14. Lychner State Jail is a state prison operated by Defendant; housing inmates sentenced anywhere from one year to life in prison. Spears worked for Defendant for no more than four (4) months from July 2019 until she left her employment with Defendant in or around November 2019. *Id*. at ¶s 15 and 42. Several months into her employment with Defendant, Spears began to wear a head covering to work.[1] *Id*. at ¶ 17. After Spears left employment with Defendant, she filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC"), alleging discrimination based upon religion. *Id*. at ¶ 4. At some point after Spears filed a charge of

---

[1] The month that Spears began to wear a head covering to work is disputed.

discrimination, the EEOC referred the matter to the Department of Justice ("Plaintiff").[2] Yet, it was not until May 3, 2024 that Plaintiff filed this lawsuit.

Plaintiff alleges that Defendant discriminated against Spears by denying her request for a religious accommodation to wear a head covering while employed at the correctional facility. *Id.* at ¶ 58. Plaintiff sues Defendant under Title VII for alleged religious discrimination. *Id.* at pg. 8, Count 1.

## GENERAL DENIAL

Pursuant to FED. R. CIV. P. 8(b), and for the express purpose of requiring Plaintiff to meet its burden of proof herein, Defendant denies each and every allegation contained in Plaintiff's Complaint, except those expressly admitted herein, and demands strict proof thereof of all allegations.

## SPECIFIC ADMISSIONS AND DENIALS

1. For paragraph 1, Defendant denies that it violated Title VII, 42 U.S.C. § 2000 *et seq*. Defendant denies that it discriminated against Spears or that it failed to accommodate her practice of wearing a head covering. Further, Defendant denies that it needed to show undue hardship since it had not denied her accommodation request.

2. With regard to paragraphs 2 and 3, Defendant admits that this Court has jurisdiction over claims brought pursuant to 42 U.S.C. § 2000 *et seq*. However, Defendant denies that the events or omissions that are alleged in the Complaint occurred.

3. For paragraph 4, Defendant admits that Spears filed a charge with the EEOC but denies all other allegations in this paragraph.

4. For paragraph 5, Defendant admits that conciliation with the EEOC failed and that the EEOC referred the matter to Plaintiff. Defendant denies that it "suspended [Spears] without pay and ultimately discharged her from employment" after she requested an accommodation for a sincerely held religious belief. With regard to the remaining allegations in this paragraph, at

---
[2] At this time, Defendant does not know when the EEOC referred the matter to the Department of Justice.

this time Defendant lacks knowledge or information sufficient to form a belief about the truth of those allegations.

5. For paragraph 6, at this stage of litigation Defendant lacks knowledge or information sufficient to form a belief about the truth of this allegation.

6. For paragraphs 7, Defendant admits generally that Plaintiff may bring a lawsuit pursuant to 42 U.S.C. § 2000e 5(f)(1), but Defendant denies the underlying facts and basis for Plaintiff's lawsuit and asserts that Plaintiff did not act with diligence and did not bring this suit in a timely manner.

7. For paragraphs 8-10, Defendant admits these allegations.

8. For paragraph 11, Defendant admits that it is the **state** agency that oversees the state corrections system in Texas. Defendant admits all other allegations in this paragraph.

9. For paragraph 12, Defendant admits these allegations.

10. Paragraph 13, Defendant denies these allegations as stated.

11. For paragraph 14, Defendant denies the allegation that Spears was hired as a Clerk I. Defendant admits the remaining allegations.

12. For paragraph 15, Defendant denies the allegations as stated in this paragraph.

13. For paragraph 16, Defendant admits that Spears' contact with inmates in her building was generally limited to inmate trustees. However, Defendant denies that this is the only circumstance in her workday in which Spear would have direct contact with inmates.

14. For paragraph 17, Defendant denies that Spears began wearing her head scarf in September 2019. With regard to the remaining allegations, Defendant lacks knowledge or information sufficient to form a belief about the truth of those allegations.

15. For paragraph 18, Defendant denies this allegation.

16. For paragraph 19, Defendant admits that on or around October 10, 2019, Spears's supervisor Pamela Escobedo accompanied her to Human Resources to discuss her head covering and a request for an accommodation. Defendant denies that remaining allegations in this paragraph as characterized.

17. For paragraph 20, Defendant denies these allegations.

18. For paragraph 21, Defendant denies the allegations as characterized in this paragraph. While the grooming policy for non-correctional staff did not specifically address headwear, it did require appropriate business casual attire and did not specifically authorize hats or other headwear. Moreover, Defendant's policy allowed employees to request religious accommodations related to work attire.

19. Paragraph 22, Defendant admits at the time Spears was in Ms. Fisk's office, she stated she was wearing her "head dressing" because of her religion. Defendant denies the remaining allegations in this paragraph.

20. For paragraph 23, Defendant denies these allegations.

21. For paragraph 24, Defendant admits these allegations.

22. For paragraph 25, Defendant admits that the only option Spears wanted was to wear a head covering. However, Defendant denies all remaining allegations in this paragraph.

23. For paragraph 26, Defendant denies these allegations.

24. For paragraph 27, Defendant lacks knowledge or information sufficient to form a belief about the truth of what Spears understood. Defendant denies all remaining allegations as characterized in this paragraph.

25. For paragraph 28, Defendant lacks knowledge or information sufficient to form a belief about the truth of what Spears felt. Defendant denies all other allegations in this paragraph.

26. For paragraph 29, Defendant denies these allegations.

27. For paragraph 30, Defendant admits these allegations.

28. For paragraph 31, Defendant denies the allegations in this paragraph.

29. For paragraph 32, Defendant admits that at the time of Spears employment, its religious accommodation request form was PERS 539. Defendant denies the remaining allegations in this paragraph as stated.

30. For paragraph 33, Defendant lacks knowledge or information sufficient to form a belief about the truth of whether Spears filled out the accommodation request form, that her religious leader signed it and that she returned it to TDCJ Human Resources on October 14, 2019. Defendant admits that a PERS 539 form with Spears name printed on it contained a request to wear a "head wrap" at work.

31. For paragraph 34, Defendant denies these allegations.

32. For paragraphs 35, Defendant denies these allegations.

33. For paragraph 36, Defendant admits that Fisk faxed an accommodation request with Spears name on it to Terry Bailey on October 15, 2019. However, Defendant denies the remaining allegations in this paragraph.

34. For paragraph 37, Defendant denies the allegations as characterized in this paragraph.

35. For paragraph 38, Defendant admits that it mailed a letter to the address provided on the PERS 539 form that had Spears name printed on top.

36. For paragraph 39, at this stage of litigation, Defendant lacks knowledge or information sufficient to form a belief about the truth of whether Spears received Defendant's October 16, 2019 letter.

37. For paragraph 40, Defendant admits that it went through its normal accommodation request process. Defendant further admits that Spears was on leave without pay because she was not eligible to take paid leave per Defendant's neutral policy that new employees could not take

paid leave until they had been employed with Defendant for six (6) months. Defendant denies all remaining allegations in this paragraph.

38. For paragraph 41, Defendant denies that Spears made any reasonable attempts to contact it about her accommodation request.

39. For paragraph 42, Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

40. For paragraph 43, Defendant denies the allegations as characterized.

41. For paragraph 44, Defendant admits that Spears returned her badge to its office. However, at this time, Defendant lacks knowledge or information sufficient to form a belief as to the date Spears returned her badge.

42. For paragraph 45, Defendant admits that Spears' attorney sent a letter of representation to it in November 2019. Defendant denies the allegations as characterized in this paragraph.

43. For paragraph 46, Defendant lacks knowledge or information sufficient to form a belief as to Spears' state of mind regarding communicating with Defendant after retaining counsel.

44. For paragraph 47, Defendant denies that it denied Spears' accommodation request as stated in this paragraph. Defendant admits that it notified Spears that her accommodation request was being closed due to her lack of responsiveness to its repeated requests.

45. For paragraph 48, Defendant denies the allegations as characterized in this paragraph.

46. For paragraph 49, Defendant admits that it was unable to provide Spears with an alternative despite Defendant's repeated efforts to discuss Plaintiff's accommodation request with her and her attorney.

47. For paragraph 50 and 51, Defendant lacks knowledge or information sufficient to form a belief about the truth of these allegations.

48. For paragraph 52, Defendant denies these allegations.

49. For paragraph 53, Defendant denies these allegations as characterized in this paragraph.

50. For paragraph 54, Defendant admits this allegation.

51. For paragraph 55, Defendant denies these allegations as characterized in this paragraph.

52. For paragraph 56, Defendant denies the allegations as previously stated in its Answer.

53. For paragraph 57, Defendant admits that Spears requested a religious accommodation.

54. For paragraph 58 a - f, Defendant denies these allegations.

## AFFIRMATIVE DEFENSES AND IMMUNITIES

1. Defendant denies that Spears was deprived of any right, privilege or immunity granted or secured by the Constitution or laws of the United States or the state of Texas.

2. Defendant denies any unlawful discrimination against Spears in violation of any state or federal law, statute, or rule.

3. Defendant denies that Spears is entitled to any relief whatsoever, whether under state or federal law, including without limitation compensatory damages, equitable relief, injunctive relief, attorney's fees, expert fees, costs, or any other type of legal, injunctive or equitable relief.

4. Defendant asserts that Spears may have failed to mitigate or avoid damages, emotional or monetary, she claims to have suffered.

5. Defendant asserts that this suit is frivolous and without merit and that as such it is entitled to recover from Plaintiff reasonable attorneys' fees and costs incurred with defending this suit.

6. Defendant asserts that some or all of Spears'/Plaintiff's claims may be barred by the statute of limitations.

7. Defendant asserts its right to all applicable immunities.

8. Defendant asserts that Spear may have failed to exhaust her administrative remedies relating to some or all of her claims, including failing to timely file the requisite administrative charge and this lawsuit.

9. Defendant's liability, if any, is limited by the after-acquired evidence doctrine.

10. Defendant asserts the defenses of statutes of limitation, laches, estoppel and waiver.

11. Defendant asserts the right to raise additional defenses as they become apparent during the factual development of this case.

## JURY DEMAND

Should a trial be necessary, Defendant respectfully requests a trial by jury for all triable issues.

Respectfully Submitted,

**KEN PAXTON**
Attorney General of Texas

**BRENT WEBSTER**
First Assistant Attorney General

**JAMES LLOYD**
Deputy Attorney General for Civil Litigation

**SHANNA E. MOLINARE**
Assistant Attorney General
Chief, Law Enforcement Defense Division

/s/ Alyson Chensasky
**ALYSON CHENSASKY**
Assistant Attorney General
Texas State Bar No. 14189300
alyson.chensasky@oag.texas.gov

Office of the Attorney General
Law Enforcement Defense Division
P.O. Box 12548, Capitol Station
Austin TX 78711-2548

**ATTORNEYS FOR DEFENDANT TEXAS DEPARTMENT OF CRIMINAL JUSTICE**

## NOTICE OF ELECTRONIC FILING

I, **Alyson Chensasky**, Assistant Attorney General of Texas, certify that I have electronically submitted for filing, a true and correct copy of the above and foregoing, **Defendant TDCJ's Original Answer and Jury Demand**, in accordance with the Electronic Case Files system of the U.S.D.C., Southern District of Texas, on June 11, 2024.

/s/ Alyson Chensasky
**ALYSON CHENSASKY**
Assistant Attorney General

## CERTIFICATE OF SERVICE

I, **Alyson Chensasky**, Assistant Attorney General of Texas, do hereby certify that a true and correct copy of the above and forgoing, **Defendant TDCJ's Original Answer and Jury Demand** has been served electronically on June 11, 2024 to all counsel of record.

/s/ Alyson Chensasky
**ALYSON CHENSASKY**
Assistant Attorney General